**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
ANGELO ZEPPADORO  
NICOLE ZEPPADORO  

Case No.: 17-21838  
Judge: Kaplan  

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original           ☒ Modified/Notice Required           Date: _____

☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___pz___       Initial Debtor: ___az___       Initial Co-Debtor: ___nz___

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ \_\_\_\_see part 1E\_\_\_\_ per _____ to the Chapter 13 Trustee, starting on _____ for approximately _____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

The case is paid in full from funds on hand.

**Part 2:    Adequate Protection ☒ NONE**

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ Per ct order |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| American Credit Acceptance | LINCOLN | $329.03 | | $0.00 NO POC FILED | Debtor to maintain regular post petition payments |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments  ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Credit Acceptance | Cadillac | unnknown | unknown |
| Wilmington Savings | House | unknown | unknown |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than 100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) standard order of distribution
3) _____
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification  ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To surrender the house | Wilmington Savings is moved from part 4A to part 4E. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: _____    /s/ Angelo Zeppadoro_____
                                                Debtor

Date: _____    /s/ Nicole Zeppadoro_____
                                                Joint Debtor

Date: _____    /s/ Peter Zimnis_____
                                                Attorney for Debtor(s)

```
                              United States Bankruptcy Court
                                    District of New Jersey
In re:                                                             Case No. 17-21838-MBK
Angelo G Zeppadoro                                                 Chapter 13
Nicole Zeppadoro
       Debtors                       CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                 Page 1 of 2                  Date Rcvd: Sep 27, 2019
                              Form ID: pdf901             Total Noticed: 33


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 29, 2019.
db/jdb         +Angelo G Zeppadoro,    Nicole Zeppadoro,   41 Birmingham Dr.,   Columbus, NJ 08022-2343
cr             +AMIP Management, LLC,    3020 Old Ranch Parkway,   Suite 180,   Seal Beach, CA 90740-2799
cr             +Wilmington Savings Fund Society FSB as Owner Trust,   c/o Waldman & Kaplan,   174 Nassau Street,
                 Ste. 313,   Princeton, NJ 08542-7005
516873684      +A-1 Collections,    re: RWJ,   2297 Highway 33,   Trenton, NJ 08690-1717
516873685      +A-1 Collections,    re: Russo Music Center,   2297 Highway 33,   Trenton, NJ 08690-1717
516873688      +American Trading,    DJ 125187-10,   2297 Highway 33,   Trenton, NJ 08690-1717
516878548     ++CREDIT ACCEPTANCE CORPORATION,    25505 WEST 12 MILE ROAD,   SOUTHFIELD MI 48034-8316
                (address filed with court: CREDIT ACCEPTANCE,    25505 WEST 12 MILE ROAD,
                 SOUTHFIELD , MI 48034)
516873690      +Credit Acceptance,    POB 5070,   Southfield, MI 48086-5070
516873692      +HSBC Bank,    POB 9,   Buffalo, NY 14240-0009
516873695      +Pluese Becker & Saltzman,    US ROF III Legal Title Trust 2015-1,   20000 Horizon Way, Suite 900,
                 Mount Laurel, NJ 08054-4318
516873696      +QuakerBridge Radiology,    3535 Quakerbridge Rd Ste 301,   Trenton, NJ 08619-1200
516873699      +Specialized Loan Servicing,    8742 Lucent Blvd, Ste 300,   Littleton, CO 80129-2386
517437477      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129-2386
517437478      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129,   Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
517018236      +U.S. Bank National Association Trustee (See 410),   c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
518031949      +Wilmington Savings Fund Society FSB as Owner,   Trustee Residential Credit Opportunities,
                 Trust V-B   c/o Waldman & Kaplan PA,   174 Nassau Street, Ste. 313,
                 Princeton, NJ 08542-7005
518031950      +Wilmington Savings Fund Society FSB as Owner,   Trustee Residential Credit Opportunities,
                 Trust V-B   c/o Waldman & Kaplan PA,   174 Nassau Street, Ste. 313,   Princeton, NJ 08542,
                 Wilmington Savings Fund Society FSB as O 08542-700
517492088      +Wilmington Savings Fund Society, FSB,    AMIP Management, LLC,
                 3020 Old Ranch Parkway, Suite 180,   Seal Beach, CA 90740-2799
517492089      +Wilmington Savings Fund Society, FSB,    AMIP Management, LLC,
                 3020 Old Ranch Parkway, Suite 180,   Seal Beach, CA 90740,
                 Wilmington Savings Fund Society, FSB,   AMIP Management, LLC 90740-2799

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 28 2019 01:05:29     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 28 2019 01:05:25     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516873686      +E-mail/Text: ally@ebn.phinsolutions.com Sep 28 2019 01:02:28     Ally Financial,   POB 380901,
                 Minneapolis, MN 55438-0901
516873687      +E-mail/Text: bankruptcy@acacceptance.com Sep 28 2019 01:05:24     American Credit Acceptance,
                 961 E. Main St,   Spartanburg, SC 29302-2185
516873689      +E-mail/Text: bankruptcy@cavps.com Sep 28 2019 01:05:52     Cavalry Portfolio Srv,
                 500 Summit Lake Dr,   Valhalla, NY 10595-2322
517116215      +E-mail/Text: bankruptcy@cavps.com Sep 28 2019 01:05:52     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
516873691      +E-mail/Text: bankruptcy@sccompanies.com Sep 28 2019 01:06:48     Ginny's,   1112 Seventh Ave,
                 Monroe, WI 53566-1364
517487554       E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 28 2019 01:05:44     JEFFERSON CAPITAL SYSTEMS LLC,
                 PO Box 7999,   St Cloud MN 56302
517487555       E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 28 2019 01:05:44     JEFFERSON CAPITAL SYSTEMS LLC,
                 PO Box 7999,   St Cloud MN 56302,   JEFFERSON CAPITAL SYSTEMS LLC,   PO Box 7999,
                 St Cloud MN 56302
516873697      +E-mail/Text: colleen.atkinson@rmscollect.com Sep 28 2019 01:06:39     Receivables Managment Sys,
                 Re: Patient First,   7206 Hull St Ste 211,   Richmond, VA 23235-5826
516873698      +E-mail/Text: bankruptcy@sccompanies.com Sep 28 2019 01:06:48     Seventh Ave,
                 1112 Seventh Ave,   Monroe, WI 53566-1364
516873700      +E-mail/Text: bankruptcy@unitedacceptance.com Sep 28 2019 01:05:24     United Acceptance,
                 2400 Lake Park Dr Ste 100,   Smyrna, GA 30080-8993
516984617       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 28 2019 01:16:23     Verizon,
                 by American InfoSource LP as agent,   PO Box 248838,   Oklahoma City, OK  73124-8838
516988738      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 28 2019 01:16:23
                 Verizon by American InfoSource LP,    4515 N Santa Fe Ave,   Oklahoma City OK 73118-7901
                                                                                              TOTAL: 14
```

```
District/off: 0312-3          User: admin              Page 2 of 2                Date Rcvd: Sep 27, 2019
                              Form ID: pdf901          Total Noticed: 33


              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516873693         Luanne Peverada
cr*              ++CREDIT ACCEPTANCE CORPORATION,    25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
                   (address filed with court: Credit Acceptance Corporation,    25505 West 12 Mile Road,
                     Southfield, MI   48034)
516873694        ##+Mercer County Oral Surgery,    3371 US Rt 1,   Ste 112,   Lawrence Township, NJ 08648-1304
                                                                                 TOTALS: 1, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 29, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 25, 2019 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank
               National Association, as Legal Title Trustee dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Farha   Ahmed    on behalf of Creditor    AMIP Management, LLC farha@dwaldmanlaw.com
              John   Zimnis    on behalf of Joint Debtor Nicole   Zeppadoro njbankruptcylaw@aol.com.
              John   Zimnis    on behalf of Debtor Angelo G Zeppadoro njbankruptcylaw@aol.com.
              John R. Morton, Jr.    on behalf of Creditor    Credit Acceptance Corporation
               ecfmail@mortoncraig.com,   mortoncraigecf@gmail.com
              Laura J. Neville    on behalf of Creditor    Wilmington Savings Fund Society FSB as Owner Trustee
               of the Residential Credit Opportunities Trust V-B nevilleesq@gmail.com
              Peter E. Zimnis    on behalf of Joint Debtor Nicole   Zeppadoro njbankruptcylaw@aol.com
              Peter E. Zimnis    on behalf of Debtor Angelo G Zeppadoro njbankruptcylaw@aol.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 10
```